UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING & SCHOLARSHIP FUND,                                  **COMPLAINT**

                                    Plaintiffs,            2016 CIV        (    )

BEELABOR JANITORIAL SERVICE, INC.

                                    Defendant.
------------------------------------------------------------------X

        Plaintiffs, Building Service 32BJ Health Fund ("Health Fund"), Building Service 32BJ Thomas Shortman Training & Scholarship Fund ("Training Fund"), herein sometimes collectively referred to as the "Funds", by their attorneys Raab, Sturm & Ganchrow LLP as and for their Complaint against Beelabor Janitorial Service, Inc. ("Defendant"), respectfully allege as follows:

## NATURE OF ACTION

        1.    This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pension benefit fund and an employee annuity benefit fund for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds and to permit and cooperate in the conduct of audits of the books and records of Defendant and as parties contractually bound by the collective bargaining agreements (as hereinafter defined) by the Funds and/or their

designated representatives. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or required reports to the Funds when due, Defendant violated its collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C.§ 1132(e)(1) and (f);

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. §

1132(d)(1)).  The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Local 32B-32J, Service Employees International Union, AFL-CIO, ("Union"), to invest and maintain those monies, and to distribute pensions, health and training benefits fund benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, 4th floor, New York, New York 10011, in the City, County and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)).  The Union maintains its offices and is administered at 25 West 18th Street, 5th floor, New York, New York, 10011, in the City, County, and State of New York.

6. Upon information and belief, at all times material hereto Defendant was and continues to be a for-profit corporation, formed in Delaware and doing business in and around Washington D. C., Maryland and Virginia.  Defendant was and continues to be an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).  Further, upon information and belief, Defendant was party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for Defendant's employees within the unit set forth in the Agreement with Union.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**(Funds' CLAIM FOR BREACH OF CONTRACT BY DEFENDANT)**

7. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this complaint, as if fully set forth herein.

8. Pursuant to the Agreement there became due and owing to the Funds from Defendant, principal contributions due for the time period January 1, 2013 through March 31, 2016.

9. The Funds are unable to determine the exact amount of principal contributions due to the Funds for this specific time period, due to the fact that Defendant has continuously failed and refused to submit the required reports and/or continuously refused to upload the hours worked by Defendant's covered employees. Defendant failed to transmit that information to the Funds. Upon information and belief, and based on the Defendant's past reports that were submitted to the Funds, the Funds estimate the Defendant owes the Funds, no less than $1,805.11 as principal benefit contributions due, for the time period January 1, 2013 through March 31, 2016.

10. The continued failure, refusal or neglect of Defendant to make the required contributions to plaintiffs' Funds constitutes a violation of the Agreement between Defendant and the Union with respect to which plaintiffs Funds are third-party beneficiaries.

11. Accordingly, Defendant is liable to the Funds for benefit contributions in the amount due for the period set forth above, plus such other or further amounts as will be found due and owing pursuant to an Audit of Defendant's books and records for the period of January 1, 2013 through March 31, 2016, plus such further amounts as may become due from the present date, to the date judgment is issued and that remain unpaid by Defendant.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
(Funds' CLAIM FOR BREACH OF ERISA

**OBLIGATIONS BY DEFENDANT)**

12. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Compliant, as if fully set forth herein.

13. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

14. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or submit the required monetary contributions and/or reports to plaintiffs Funds due. Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

15. Section 502 of ERISA (29 U.S.C. § 11132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff Fund, the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiffs Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

16. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

**AS AND FOR A THIRD CLAIM FOR RELIEF**
**(FUNDS' DEMAND FOR AN ORDER DIRECTING
DEFENDANT TO PERMIT AN AUDIT OF**

DEFENDANT'S BOOKS AND RECORDS)

17. Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

18. Defendant is obligated, pursuant to the terms of the Agreement, to permit and cooperate in the conduct of audits of the books and records of Defendant by the Funds.

19. Accordingly, pursuant to the terms and conditions of the Agreement, the Funds demand an order directing Defendant to permit and cooperate with the Funds and/or their designated representatives in the conduct of the aforesaid audit of Defendant's books and records, for the Audit time period of January 1, 2013 through March 31, 2016.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANT)

20. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

21. Pursuant to the terms and conditions of the Agreement, Defendant is required to timely pay submit benefit contributions and reports to the Funds, and permit and cooperate in the conduct of audits of Defendant's books and records, for so long as Defendant remains obligated to do so pursuant to the Agreement.

22. Upon information and belief, Defendant has failed to timely pay and/or submit benefit contributions to the Funds, failed to permit and cooperate in the conduct of audits of Defendant's books and records, and is currently in breach of its obligations under the Agreement. Defendant's prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the Agreement.

23.     The Funds have no adequate remedy at law to insure that Defendant will adhere to the terms of the Agreement.

24.     As a result of Defendants' omissions and breaches of contract, the Funds may be required to (a) deny employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plan, notwithstanding Defendants' failure to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

25.     The Funds will suffer immediate and irreparable injury unless Defendant, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to the Agreement.

26.     Accordingly, the Funds request this Court issue an injunction permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds and requiring them to permit and cooperate in the conduct of audits for the term of the Agreement.

**AS AND FOR A FIFTH CLAIM FOR RELIEF**
**(FUNDS' CLAIM FOR INJUNCTIVE RELIEF
PURSUANT TO ERISA AGAINST DEFENDANT)**

27. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. Pursuant to the provisions of ERISA and the Agreement, Defendant is required to timely pay and submit benefit contributions and/or reports to the Funds and permit and cooperate in the conduct of audits of Defendant's books and records, for so long as Defendant remains obligated to do so pursuant to the Agreement.

29. Upon information and belief, Defendant has failed to timely pay and/or submit benefit contributions to the Funds, failed to permit and cooperate in the conduct of audits of Defendant's books and records, and is currently in breach of its statutory obligations under ERISA.  Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory provisions.

30. The Funds have no adequate remedy at law to insure that Defendant will continue to adhere to its statutory obligations.

31. As a result of Defendants' omissions and breaches of contract, the Funds may be required to (a) deny employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plan, notwithstanding Defendants' failure to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

32. The Funds will suffer immediate and irreparable injury unless Defendant, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds and permit and

cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to ERISA.

33. Accordingly, the Funds request this Court issue an injunction permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay the Funds and/or submit the required contributions and/or reports to the Funds and requiring them to permit and cooperate in the conduct of audits for the term of Agreement.

**WHEREFORE,** plaintiff Funds demand judgment:

a. against Defendant for payment of all past due contributions for the period of January 1, 2013 through March 31, 2016:

b. against Defendant for payment of all contributions and interest which became due during the pendency of this action;

c. against Defendant for accrued prejudgment interest on all contributions in accordance with ERISA § 502 (g)(2);

d. against Defendant for statutory damages on all contributions now due, reasonable attorneys' fees and costs and disbursements in accordance with ERISA § 502(g)(2);

e. for an Order requiring Defendant to permit and cooperate in the conduct of an Audit of the books and records of Defendant, for the period January 1, 2013 through March 31, 2016, by the Funds;

f. for an Order permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to

the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with applicable Agreement;

      g.    for an Order permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as they remain obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, and requiring them to permit and cooperate in the conduct of audits in accordance with ERISA and the applicable Agreement;

      h.    for such other and further relief as the Court deems just and proper.


Dated: New York, New York
       April 26, 2016

                                 RAAB, STURM & GANCHROW LLP

                                 By: _____
                                 Jonah Brassard (JB-6309)
                                 Attorneys for Plaintiffs Funds
                                 1250 Broadway, 36th Floor
                                 New York, New York 10001
                                 Tel. 212- 683-6699
                                 Fax 212- 779-8596